IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES HEIRONIMUS, §<br>on behalf of himself and §<br>all others similarly situated §<br>     Plaintiff §<br>§<br>V. §<br>§<br>CAVALRY PORTFOLIO SERVICES, LLC §<br>and RAUSCH, STURM, ISRAEL, §<br>ENERSON & HORNIK, LLC, §<br>     Defendants § | CASE NUMBER 4:17-cv-00121 |

## JOINT MOTION FOR CONDITIONAL CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

Plaintiff James Heironimus and Defendants Cavalry Portfolio Services, LLC ("CPS") and Rausch, Sturm, Israel, Enerson & Hornik, LLC ("RSIEH") jointly move the Court to certify Plaintiff conditionally as class representative, certify Plaintiff's attorneys conditionally as class counsel, approve a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and approve the proposed class notice, and in support of such motion would respectfully show the following:

### 1. NATURE OF THE CASE

1.01. Plaintiff is an individual consumer who allegedly became delinquent on his consumer debt. He contends that in attempting to collect a consumer debt from him Defendant RSIEH sent a collection letter to him that allegedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. He further asserts that RSIEH sent a substantially similar letter to each of the class

1

members he seeks to represent. Plaintiff asserts that such violations render RSIEH liable for statutory damages under the FDCPA and that CPS is vicariously liable for RSIEH's alleged statutory violations.

1.02. Defendants deny Plaintiff's allegations and assert that they have no liability under state or federal law to Plaintiff or the class he seeks to represent.

## 2. MOTION

2.01. Plaintiff moves the Court to certify a Rule 23(b)(3) class and to approve the settlement reflected in the Settlement Agreement filed herewith. Class members will be given notice of this action, of the proposed settlement, and of the opportunity object, or opt out.[1] Congress has set limits on the class liability in FDCPA cases, and the settlement provides for payment of the maximum statutory penalty provided for under the FDCPA.

2.02. A true copy of the Settlement Agreement and the exhibits thereto accompanies this motion as ***Appendix 1***.

**Elements for Certification**

2.03. Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, {3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4)

---

[1] Under the terms of the settlement class members will not receive or be required to submit claim forms. Distribution will be automatic.

the representative parties will fairly and adequately protect the interests of the class. In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, the parties would show the following:

**Numerosity**

2.04. Based upon information received from Defendants, the persons potentially in the Class (147) are so numerous that joinder of all members is impracticable.

**Commonality**

2.05. Rule 23's commonality requirement demands that the putative class members' claims "must depend upon a common contention" that "must be of such a nature that it is capable of class-wide resolution. *Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017),m *citing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349, 350 (2011). Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

    a.    whether Defendants' conduct violated the FDCPA;

    b.    whether Plaintiff and the other class members are entitled to recover statutory damages and, if so, in what amount;

    c.    how Defendants' net worth should be calculated for the purpose of assessing the limit on class damages; and

    d.    whether Plaintiff and the other class members are entitled to recover attorney's fees and, if so, in what amount.

**Typicality**

2.06. In order to meet the typicality requirement, "the claims or defenses of the parties [must be] typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3); *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). "Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id. quoring* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.24[4] (3d ed. 2000). A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Plaintiff contends that his claims are typical of the claims of the rest of the class. Plaintiff alleges that he was a recipient of the same form letter that was directed to the rest of the class.

**Adequacy of Representations**

2.07. Adequacy of representation consists of two prongs: the adequacy of counsel to handle a class action and the adequacy of the named Plaintiff to protect the differing interests of the absent class members. *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Analysis of the adequacy of the class representative focuses on whether there are intraclass conflicts between the

class representatives and those they seek to represent. *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 314 (5th Cir. 2007); A class representative must "possess the same interest and suffer the same injury as the class members." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625-26 (1997).

2.08. Plaintiff asserts that he will fairly and adequately represent the interests of the class. Through his attorneys of record, Plaintiff has been willing to pay the costs of notice and litigation. Plaintiff believes that he has no interests adverse to other members of the Class.

2.09. Plaintiff has hired the undersigned attorneys to represent him in this matter. Plaintiff's attorneys have substantial experience in the handling of both consumer protection litigation and class actions and have previously been certified as class counsel in other cases.

**Other Considerations**

2.10. Pursuant to Rule 23 an action may be maintained as a class action if the four elements described above are satisfied and certain other conditions exist. These other conditions are:

    a.    the prosecution of separate actions by or against individual members of the class would create a risk of:

        1.    inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

    11. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

  b. the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

  c. where the object of the action is the adjudication of claims which do or may affect specific property involved in the action; or

  d. the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

 2.11. Plaintiff alleges that the causes of action forming the basis of the class claims in this case are such that the prosecution of separate actions by individual members of the class would create the risk of establishing incompatible standards of conduct for Defendants.

 2.12. Additionally, Plaintiff alleges that the questions of law and fact common to the members of the class predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case because a class action resolution of the issues described above outweighs the difficulties in management of the class as separate claimants and allows access to the courts for those who might not gain such access standing alone.

2.13. Solely for the purposes of this motion and to effectuate the proposed settlement, Defendants do not dispute that a class should be certified for settlement purposes only. Defendants acknowledge the doctrine that "federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

### 3. JOINT MOTION

3.01. Defendants join in the request for certification solely for settlement purposes. In the event that the settlement is not approved or as may otherwise be provided in the Settlement Agreement, in the event that the proposed settlement is not approved, Plaintiff stipulates that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendants' right to contest certification on any legal or equitable grounds.

3.02. In light of, and subject to the approval of the settlement agreement Plaintiff and Defendants jointly move that the Court certify Plaintiff as class representative and Plaintiff's attorneys as class counsel.

3.03. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of

the parties on the merits or the issue of certification at any such contested hearing.

    3.04. Movants hereby stipulate that certification of the class is conditioned upon:

    a. the accuracy of the representations and warranties contained in the Settlement Agreement;

    b. the performance by the Movants of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

    c. the entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement;

    d. the receipt by the Movants of all documents reasonably required to implement the Settlement Agreement; and

    e. no other class actions being certified against Defendants asserting causes of action substantially identical to those asserted by Plaintiff in the present case.

    3.05. In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Movants agree that upon motion to the Court, the Court will then decertify the class and take up the issue of certification as a contested matter.

### 4. NATURE OF SETTLEMENT

4.01. The parties have agreed in principle to a settlement of this suit on a class-wide basis. The essential terms of the settlement are set out in ***Appendix 1***. The Settlement provides that the Court will certify Plaintiff as class representative and Plaintiff's attorneys as Class Counsel. The Settlement provides substantial benefits to the Class (as defined therein), which is a Class for settlement purposes only, and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

4.02. Subject to the terms of the Settlement Agreement, Defendants agree that RSIEH will provide the following relief to Plaintiffs and the Class:

A. Defendant RSIEH shall pay $100.00 to each member of the Class. Defendants contend that this sum exceeds their maximum statutory liability under the FDCPA. The distribution shall be made without the need for a proof of claim. All distribution checks to the Class will expire after 120 days of issuance, and any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to Lone Star Legal Aid for use in consumer representation and/or consumer education.

B. As part of the consideration for the individual and class releases Defendant RSIEH represents that it has cured the alleged statutory violation at issue in this case.

C. Defendant RSIEH will also pay Plaintiff James Heironimus for his individual claims the total amount of $1,000.00, as provided for in

9

15 U.S.C. § 1692k, and in consideration of Plaintiff's service to the Class, Defendant RSIEH will pay to him an additional $3,000.00.

D. Defendant RSIEH shall bear the costs of class administration,

E. Subject to approval of the Court Defendant RSIEH shall pay in addition to the above the reasonable attorney's fees and expenses of Plaintiff's attorneys in an amount not to exceed $25,000.00.

4.03. Counsel for Plaintiff and Defendants represent to the Court that the proposed settlement was reached through arms-length negotiations between the parties and that Class Counsel are able and experienced attorneys who are well-qualified to evaluate the proposed Settlement Agreement on behalf of the Class Members. Plaintiff asserts, and Defendants do not dispute for settlement purposes only, that the Class meets the requirements for class certification under FED. R. CIV. P. 23.

4.04. A copy of the proposed Class Notice, which is to be mailed to each Class Member at the last known address as reflected in Defendant's records, is attached as **Exhibit C** to the Settlement Agreement. That notice is sufficient to inform Class Members regarding: (a) the formation of the Class; (b) the Class definition; (c) the terms of the proposed settlement; (d) the proposed award of attorney's fees and expenses to Class Counsel; (e) Class Members' right to object to or opt out of the proposed Settlement; (f) the time and date of the Final Fairness Hearing; and (g) Class Members' right to appear at the Final Fairness Hearing in favor of or in opposition to the proposed Settlement. The Class Notice is written in plain English in a manner reasonably calculated to allow class

members to evaluate and decide whether to participate in the settlement. The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement.

4.05. At the final Fairness Hearing, Movants anticipate presenting a final order giving effect to the Settlement and dismissing without prejudice all claims of any putative class members who have been excluded from the class.

4.06. Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendants of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court:

1. preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;
2. order that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act as counsel for the Class;
3. authorize the form and mailing of the Notice;
4. set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and
5. at such hearing approve the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

/s/ Dana Karni                            /s/ Brian Bromberg

Dana Karni
Texas Bar No. 24044379
SDTX Bar No. 592484
KARNI LAW FIRM, P.C.  4635
Southwest Freeway, Suite 645
Houston, Texas 77027
Tel:   713-552-0008
Fax:  713-454-7247
Dana@KarniLawFirm.com
ATTORNEY FOR PLAINTIFF

/s/ Manuel H. Newburger
Manuel H. Newburger
Texas Bar No. 14946500
S.D. Texas Bar No. 23234
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-4022
Facsimile: (512) 279-0310
mnewburger@bn-lawyers.com
ATTORNEY FOR DEFENDANT

Brian Bromberg
(*Pro Hac Vice*)
BROMBERG LAW OFFICE, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel:   (212) 248-7906
brian@bromberglawoffice.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion has been served on Defendants' attorney below through the Court's ECF system, on this __12__ day of __April, 2018__, ~~2017~~.

/s/ Dana Karni
Dana Karni

SERVICE LIST:

Manuel H. Newburger
Barron & Newburger, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Telephone: (512) 649-4022
Facsimile: (512) 279-0310
mnewburger@bn-lawyers.com
ATTORNEY FOR DEFENDANTS