United States District Court
Southern District of Texas
**ENTERED**
May 01, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES HEIRONIMUS, on behalf of himself and all others similarly situated<br>Plaintiff<br><br>V.<br><br>CAVALRY PORTFOLIO SERVICES, LLC and RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC,<br>Defendants | CASE NUMBER 4:17-cv-00121 |

## ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

The parties in this class action have reached a proposed settlement, and pursuant to the joint motion filed on April 12, 2018, they seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Lawsuit and Proposed Settlement. The motion came on for hearing on May 1, 2018, at 2:00 p.m. Plaintiff appeared by counsel Dana Karni and Brian Bromberg. Defendants appeared by counsel Manuel H. Newburger. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

I.  This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms in this order shall have the same meaning as set forth in the Agreement. The Agreement is attached to Docket Entry 13 as **Appendix 1**, and is incorporated herein by reference.

2. The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under FED. R. CIV. P. 23. The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that because of speedy, voluntary discovery, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on August 27, 2018 at 10:00 a.m. in Courtroom 9D in the United States Courthouse for the Southern District of Texas, 515 Rusk Avenue, Houston, TX 77002, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should grant final approval to a statutory enhancement payment for the named

plaintiff; and the amount of attorney fees and costs to be awarded to Class Counsel Dana Karni and Brian Bromberg.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action Lawsuit and Proposed Settlement" ("Notice") that is **Exhibit C** to **Appendix 1** to Docket Entry 13. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. For purposes of effectuating the settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals in the United States to whom during the period from January 16, 2016, through the date of this order, Defendant RSIEH sent a letter substantially similar to Exhibit A to Plaintiff's Complaint and whose letter was not returned as undeliverable.

The following persons, assuming that they otherwise meet the class definition, are excluded from the settlement class:

    a.    any person who is already subject to an existing signed general release that encompasses the claims asserted against Defendants;

    b.    any person who is deceased as of the date of this order;

    c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and

    e.    any class member who timely mails a request for exclusion.

6.    For purposes of effectuating this settlement, the Court hereby appoints Plaintiff James Heironimus as the class representative for the settlement Class, and the following attorneys are appointed as Class Counsel:

> Dana Karni, Esq.
> Karni Law Firm, P.C.
> 4635 Southwest Freeway, Suite 645
> Houston, Texas 77027
> Tel: (713) 552-0008
> Dana@KarniLawFirm.com

and

> Brian L. Bromberg, Esq
> Bromberg Law Office, P.C.
> Standard Oil Building
> 26 Broadway, 21st Floor
> New York, New York 10004
> Tel: (212) 248-7906
> brian@bromberglawoffice.com

7.    The Class Notice shall be distributed to the Class as provided for in Section 2.1 of the Agreement. To accomplish that distribution, or before June 1, 2018, Defendant RSIEH shall deliver the notices to Dana Karni as described in Section 2.1. Ms. Karni shall mail the notices within seven days of receipt.

8.    Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by August 13, 2018. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for

Defendants postmarked no later than August 13, 2018, which is two (2) weeks prior to the Final Fairness Hearing.  In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and the last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9. Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless not later than August 13, 2018, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendants a written notice of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11. Any such notice of objections shall include:
 - (1) a statement of each objection being made;
 - (2) a detailed description of the facts underlying each objection;
 - (3) a detailed description of the legal authorities underlying each objection;
 - (4) a statement of whether the objector intends to appear at the Final Fairness Hearing;
 - (5) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and

      (6)    a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12. Unless otherwise agreed by both Defendants and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendants, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendants or any of their officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendants' use of the form letters that are at issue in this case.

14. This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendants concerning (1) any alleged liability, fault, or wrongdoing by Defendants; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

IT IS SO ORDERED.

Dated: May 1, 2018.

_____
HON. GRAY H. MILLER
UNITED STATES DISTRICT JUDGE