IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HEIRONIMUS, § | | |
| on behalf of himself and § | | |
| all others similarly situated § | | |
| Plaintiff § | | |
| § | | |
| V. § | CASE NUMBER 4:17-cv-00121 | |
| § | | |
| CAVALRY PORTFOLIO SERVICES, LLC § | | |
| and RAUSCH, STURM, ISRAEL, § | | |
| ENERSON & HORNIK, LLC, § | | |
| Defendants § | | |

## FINAL ORDER AND JUDGMENT

On August 27, 2018, the above-captioned case came on for a Final Fairness Hearing on the proposed class action settlement.

In March, 2018, after arms-length negotiations Plaintiff and Defendants entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On April 12_, 2018, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On or about April 18, 2018, within ten days of filing the proposed settlement with the Court, Defendants complied with the requirements of 28 U.S.C. § 1715.

On May 1, 2018, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the

1

Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff James Heironimus as the Class Representative; (iv) appointed Dana Karni and Brian Bromberg as Class Counsel; and (v) set the date and time of the Final Fairness Hearing.

On August 24, 2018, Plaintiff filed his Memorandum in Support of Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion").

On August 27, 2018, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.

The Parties have requested final certification of the Settlement Class under FED. R. CIV. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      CLASS MEMBERS. Pursuant to FED. R. CIV. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals in the United States to whom during the period from January 16, 2016, through May 1, 2018, Defendant RSIEH sent a letter substantially similar to Exhibit A to Plaintiff's Complaint and whose letter was not returned as undeliverable. Excluded from the

Class are:

    a.    any person who is already subject to an existing release;

    b.    any person who was deceased as of the date of the preliminary approval order;

    c.    any person who was discharged in bankruptcy under Title 11 of the United States Code as of the date of August 27, 2018; and

    d.    any Class Member who timely mailed a request for exclusion.

3.    <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>.  Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff James Heironimus as the Class Representative and Dana Karni and Brian Bromberg as Class Counsel for the Class Members.

4.    <u>NOTICES AND CLAIM FORMS</u>.  Class action notices were mailed to all of the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of FED. R. CIV. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

5.    <u>FINAL CLASS CERTIFICATION</u>.  The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

    a.    the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    b.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

    c.    the claims of the Plaintiff are typical of the claims of the Class Members;

    d.    the Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendants' alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant RSIEH is paying to the Class more than the maximum statutory damages allowed by law.

7. <u>SETTLEMENT TERMS</u>. The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

    a.    Defendant RSIEH shall pay Plaintiff $1,000 in statutory damages.

    b.    Defendant RSIEH shall pay Plaintiff an additional $3,000 in compensation for his service as Class Representative;

  c. Defendant RSIEH shall issue a check in the amount of $100.00 to each of the members of the Class who have not been excluded. Those checks shall be distributed as provided for in the Agreement.

  d. Defendant RSIEH shall pay Class Counsel a total of $_____ in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

11. <u>OBJECTIONS AND EXCLUSIONS</u>. The Class Members were given a fair and reasonable opportunity to object to the settlement. No Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. There are no such persons.

12. This order is binding on all Class Members, except those individuals who validly and timely excluded themselves from the Class.

13. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by these proceedings and this Order.

14. Plaintiff, the Class Members, and all their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15. With the exception of the foregoing injunction all other claims in this Action are hereby dismissed with prejudice.

16. This Order, the Agreement, and the existence and nature of the

Settlement are not, and shall not be construed as, an admission by Defendants of any liability or wrongdoing in this or in any other proceeding.

IT IS SO ORDERED.

Dated: _____, 2018.

_____
HON. GRAY H. MILLER
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that on this August 24, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: August 24, 2018

/s/ Brian L. Bromberg<br>
Brian L. Bromberg